UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$57,012 IN UNITED STATES CURRENCY, AND ANY ACCRUED INTEREST,<br><br>Defendant. | CASE NO.<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

## I.    NATURE OF THE ACTION

1.     This is a civil *in rem* action for the forfeiture of $57,012 in United States currency seized on December 21, 2021 (hereafter, the "Defendant Currency").

## II.    LEGAL BASIS FOR FORFEITURE

2.     The Defendant Currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841(a)(1) (unlawful distribution of a controlled substance). Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance at trial, that the Defendant Currency represents proceeds from the sale of controlled substances; moneys furnished or intended to be

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 1
*United States v. $57,012 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

furnished for the purchase of controlled substances; and/or moneys used or intended to be used to facilitate the unlawful distribution of controlled substances.

### III.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 28 U.S.C. § 1395(b) (the Defendant Currency was seized in this district).

5.    A Task Force Officer ("TFO") with the United States Federal Bureau of Investigation ("FBI") and the Seattle Police Department ("SPD") seized the Defendant Currency pursuant to a warrant issued by King County Superior Court (the "Warrant"), which authorized the arrest of David Christopher Pitts and the search of his residence. Law enforcement executed the Warrant on December 21, 2021. After taking custody of the Defendant Currency, SPD transferred it to the custody of FBI, where it remains

6.    As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Currency if it is in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Currency when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

### IV.    FACTUAL BASIS FOR FORFEITURE

7.    On December 13, 2021, King County Superior Court issued the Warrant authorizing, among other actions, a search of Pitts and his primary residence at 526 Smithers Avenue South, Apartment 4, Renton, Washington.

8.    On December 21, 2021, law enforcement arrested Pitts and searched his person and his primary residence.

9.    Law enforcement seized the Defendant Currency from Pitts's residence.

10.    Law enforcement located the Defendant Currency in a safe in the residence's primary bedroom. In addition to the Defendant Currency, the safe also

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 2
*United States v. $57,012 in U.S. Currency, and Any Accrued Interest*

contained several plastic containers which held heroin, cocaine, fentanyl, sublingual suboxone, ketamine, vials of fentanyl from a medical facility, and small blue pills believed to be counterfeit oxycodone pills laced with fentanyl.

11.     During the search of Pitts's residence, law enforcement also seized 25 firearms—including pistols, rifles, and shotguns—as well as associated ammunition and body armor. At the time of seizure, many of the firearms were easily accessible, visible, and/or loaded, suggesting they were used and/or intended to be used to facilitate the distribution of controlled substances.

12.     Law enforcement also seized the following controlled substances from Pitts's residence:

       a.   3037.8 grams of methamphetamine;

       b.   1666.5 grams of cocaine;

       c.   643.8 grams of fentanyl powder;

       d.   309.6 grams of heroin;

       e.   242.3 grams of Xanax (alprazolam) pills (estimated 2400 pills);

       f.   297.7 grams of M-30 pills, suspected fentanyl (estimated 3000 pills);

       g.   57.8 grams of ketamine powder;

       h.   one box containing 25 vials labeled Fentanyl Citrate Injection; and

       i.   19 medical injection vials of liquid labeled as fentanyl.

13.     Additionally, law enforcement seized various items commonly used to cut bulk narcotics and package them for resale.

14.     After the search, law enforcement communicated with the apartment's property manager, who stated she did not know of anyone else living in the apartment since Pitts took over the lease.

15.     On April 6, 2022, a federal grand jury returned a three-count Indictment charging Pitts with Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(E)(2) (Count 1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 3
*United States v. $57,012 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

U.S.C. § 924(c)(1)(A)(i) (Count 2); and Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3).

## V.    REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, these facts support a reasonable belief that the United States will be able to prove, at trial, that the Defendant Currency represents proceeds from the sale of controlled substances; moneys furnished or intended to be furnished for the purchase of controlled substances; and/or moneys used or intended to be used to facilitate the unlawful distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), which renders it forfeitable pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States respectfully requests:

1.    A warrant issue for the arrest of the Defendant Currency;

2.    That due notice be given to all interested parties to appear and show cause why the Defendant Currency should not be forfeited;

3.    The Defendant Currency be forfeited to the United States for disposition according to law; and,

//

//

//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 4
*United States v. $57,012 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.      For such other and further relief as this Court may deem just and proper.


DATED this 20ᵗʰ day of May, 2022.


                                        Respectfully submitted,

                                        NICHOLAS W. BROWN
                                        United States Attorney


                                        *s/Jehiel I. Baer*
                                        JEHIEL I. BAER
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        700 Stewart Street, Suite 5220
                                        Seattle, Washington 98101
                                        (206) 553-2242
                                        Jehiel.Baer@usdoj.gov

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 5
*United States v. $57,012 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## VERIFICATION

I, Stephen Knapp, am a Task Force Officer with the Federal Bureau of Investigation in Seattle, Washington. I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *In Rem*. The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official Government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this ___18th___ day of ___MAY___, 2022.


_____
STEPHEN KNAPP
Task Force Officer
Federal Bureau of Investigation

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 6
*United States v. $57,012 in U.S. Currency, and Any Accrued Interest*